UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DAVID NUYEN**
2021 Sandstone Ct.
Silver Spring, MD 20904
    Petitioner
        v.                      Case No. 1:14-cv-01128-RMC

**HONG THAI LY**
**unknown address in**

**Caracas, Venezuela**
    Respondent

## AMENDED PETITION TO VACATE ARBITRATION AWARD

Petitioner, David Nuyen, by his counsel, amends of right his Petition to Vacate Arbitration Award, filed July 2, 2014.  The Respondent Ly could not be prejudiced because she has not yet been served, and her previous responses were dismissed without prejudice by the Court to allow her to first be served.  The time for service has not expired. This amendment of right is in accordance with Rule 15 (a) of the Federal Rules of Civil Procedure.

The U.S. District Court has Original Jurisdiction under 28 USC 1331 in view of this case and controversy arising under the laws of the United States. The Arbitration was conducted in the District of Columbia and there is proper venue.

The grounds for vacating the Arbitration Award are under 9 USCA 10 (a) (1) through (4) and under 9 USCA 11 (a) and (b).

1. The Arbitrator focused almost entirely on the non-existent issue as to whether there was a written agreement to arbitrate, in spite of Respondent Ly having agreed to arbitrate even though she claimed there was no written agreement to arbitrate.  The Arbitrator exceeded his power under 10 (a)(4).

2. The Arbitrator based his decision almost entirely upon what he said was the testimony of Petitioner Nuyen. However, there is no citation to where the testimony is found in the record, and nothing to show that the testimony was recorded and in the record. The Arbitrator exceeded his authority and imperfectly executed his authority under 10 (a)(4) by relying upon unconfirmed testimony.

3.  The Arbitrator based his decision on purported statements of Respondent Ly. She was out of the country at the time of the Arbitration and did not appear in person to testify or be cross-examined.  The Arbitrator was unable to observe her demeanor, which is pertinent and material to the controversy, and where substantial rights of Petitioner Nuyen to confront and cross-examine his adversary were prejudiced in violation of 10 (a)(3).

4. The Arbitrator refused to hear evidence pertinent and material to the issue of an unwritten general partnership or agency by operation of law based upon the actions and unspoken conduct of Respondent Ly. The Arbitrator prejudiced the rights of Petitioner Nuyen in violation of 10 (a)(3) by refusing to hear this evidence.

5. The Arbitrator failed to consider the continuing tort doctrine in making his decision, and exceeded his authority by failing to consider it in violation of 10 (a)(4).

6. The Arbitrator based his decision upon suggestion the written partnership Agreements had not been signed by Respondent Ly.  This is in spite of the Arbitrator's findings that the two opposing handwriting experts were in equipoise and there was no observation of the demeanor of Respondent Ly. The Arbitrator violated the rights of Petitioner Nuyen under 10 (a)(3) and the Arbitrator exceeded his authority under 10 (a)(4).

   7. The Arbitrator refused to consider pertinent and material evidence of damages to Petitioner Nuyen by Respondent Ly. The Arbitrator prejudiced the rights of Petitioner Nuyen in violation of 10 (a)(3) by refusing to hear this evidence and to conduct an accounting.

   8. The Arbitrator based his decision upon the lack of a written Arbitration Agreement, which is a matter that was not submitted to him for decision. The Arbitrator acted in violation in violation of 11 (b).

   9. The Arbitrator made an evident material mistake in the description of the property referred to in the decision as being only written partnership agreements, where the property was under an oral general partnership or agency by operation of law. The Arbitrator acted in violation of 11 (a).

## Damages

Petitioner Nuyen demands damages from Respondent Ly of at least One Hundred Thousand ($100,000) in compensation, plus reasonable attorney's fees.

## Other Relief

With the Arbitration Award vacated, Petitioner Nuyen demands that this matter be Remanded for Arbitration by another Arbitrator.

The Respondent Ly who is a United States citizen, is believed to be living out of the United States and in seclusion in Venezuela, which is a country known to be hostile to the United States government and its Courts, and who is there for the purpose of avoiding service of process. Her exact address in Venezuela is unknown, and through local Arbitration counsel has refused to provide her address for service or to waive service.

An Emergency Motion under Rule 65 of the Federal Rules of Civil Procedure will be filed with this Court to obtain a Preliminary Injunction under Rule 4 (f)(3) of the Federal Rules of Civil Procedure for the Respondent's local Arbitration counsel in Washington, DC, to be enjoined to accept service of process for her on or before Monday, September 15, 2014, which is prior to the statutory date for service to be completed on Respondent Ly.

September 4, 2014

Respectfully submitted,

By:_____/s/_____
Daniel Wemhoff, Esq.
D.C. Bar No. 420233
4600 South Four Mile Run Dr., #831
Arlington, VA 22204
Tel. 703-589-2199

Respondent to be Served:

Hong Thai Ly
current residence address in Venezuela or elsewhere is unknown

Local counsel in Washington, DC, for the Arbitration, and who has filed on behalf of Respondent Ly in this Court on July 11, 2014, a Motion to Confirm the Arbitration Award.

Justin Dillon, Esq., DC Bar No. 502322
The Kaiser Law Firm, PLLC
1400 Eye Street, NW, Suite 525
Washington, DC 20005
Phone: (202) 640-2850  Fax:  (202) 280-1034
Email: jdillon@tklf.com