UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID NUYEN

   Petitioner

     v.                  Case No. 1:14-cv-01128-RMC

HONG THAI LY          REQUEST FOR EMERGENCY
                                    HEARING ON OR BEFORE
   Respondent           MONDAY, SEPTEMBER 15, 2014

**EMERGENCY MOTION UNDER FRCP RULE 65 (a) FOR PRELIMINARY INJUNCTION TO COMPEL LOCAL COUNSEL FOR RESPONDENT TO ACCEPT SERVICE UNDER FRCP RULE 4 (f)(3)**

Petitioner, David Nuyen, by his counsel, moves under Rule 65 (a) of the Federal Rules of Civil Procedure for a Preliminary Injunction to compel the local counsel for the Respondent to accept service for her of the Amended Petition to Vacate Arbitration, under Rule 4 (f)(3) of the Federal Rules of Civil Procedure, by Monday, September 15, 2014, in order for the Petitioner to timely comply with the statutory service requirements.

Respondent Ly who is a United States citizen is believed to be out of the United States and in seclusion in Venezuela, a country known to be hostile to the United States government and its Courts, and is there to avoid service of process. Her address in Venezuela is unknown, and through local counsel has refused to provide it for service or to waive service.

1

Respondent Ly has local counsel in Washington, DC, Justin Dillon, Esq., who represented her in the Arbitration which is now being contested. Her local counsel filed with this Court on July 11, 2014, a Motion to Confirm the Arbitration Award, and served the undersigned counsel.

Where a Respondent is out of the country and incommunicado, but has a local counsel who was substantially involved with the Arbitration, the Federal Courts may Order the local counsel to accept service under Rule 4 (f)(3). See, Jian Zhang v. Baidu.Com, Inc., 293 F.R.D. 508, 515 (S.D.N.Y. 2013); U.S. v. Lebanese Canadian Bank, SAL, 285 F.R.D. 262, 267 (S.D.N.Y. 2012); Flat Panel Antitrust Litigation, 270 F.R.D. 535, 537 (N.D. Calif. 2010); Tracfone v. Distelec, 268 F.R.D. 687, 691 (S.D. Fla. 2010).

Under Rule 4 (f)(3), it is not necessary for the Respondent to authorize local counsel to accept service. It is simply a matter of the Court acting in the interests of justice to prevent an avoidance of service.

Service on local counsel for Respondent Ly is particularly appropriate where he filed on her behalf with this Court on July 11, 2014, a Petition to Confirm the Arbitration Award. This shows that the due process rights of Respondent Ly would be fully protected by service on her local counsel, where through local counsel, she has served Petitioner, but refused to provide her address in Venezuela for service on her or to waive service.

An Emergency Hearing is requested on or before Monday, September 15, 2014, in order for the Petitioner to comply with the 3 month deadline for service on Respondent Ly of the Amended Petition to Vacate Arbitration.

The Petitioner has not been able to confer with the Respondent about this Emergency Motion because she is incommunicado and refuses to communicate with him. The local Arbitration counsel for her in Washington, DC, Mr. Dillon, has stated his refusal to cooperate with Petitioner and his counsel to obtain service.  It is believed that this Emergency Motion will be opposed by Mr. Dillon.

September 4, 2014

      Respectfully submitted,

     By:_____/s/_____
      Daniel Wemhoff, Esq.
      D.C. Bar No. 420233
      4600 South Four Mile Run Dr., #831
      Arlington, VA 22204
      Tel. 703-589-2199

Certificate of Service

I Daniel Wemhoff, Esq., hereby certify that I have mailed by U.S. mail and sent by Email by September 5, 2014, a copy of the foregoing Emergency Motion to local Arbitration counsel for Hong Thai Ly who is:

Justin Dillon, Esq.
DC Bar No. 502322
The Kaiser Law Firm, PLLC
1400 Eye Street, NW, Suite 525
Washington, DC 20005
Phone: (202) 640-2850
Fax:   (202) 280-1034
Email: jdillon@tklf.com

_____/s/_____
Daniel Wemhoff, Esq.
D.C. Bar No. 420233